¶ 49 I concur in the majority's analysis and disposition of appellant's first and second assignments of error. I further concur in the majority's disposition of appellant's third assignment of error, but do so for a different reason.
¶ 50 The majority concludes there was reasonable suspicion of criminal drug activity without further analysis. I believe such conclusion is premature. I believe a legitimate question exists as to whether the officers' encounter with appellant was consensual or constituted an investigatory stop. If the later, I believe further legitimate questions exist as to whether reasonable suspicion of drug activity existed to justify the investigatory stop.
¶ 51 Appellee asserts it was reasonable for the police officers to suspect illegal activity "from any person entering or exiting" a known drug house (Appellee's Brief at 16, emphasis added). Appellee cites State v. Binford in support of this proposition, but notes, in Binford, the court found officers could suspect illegal activity from anyone who entered and exited a known drug house for a short duration. In the case sub judice, no testimony exists relative to appellant's duration in the house.
¶ 52 However, because appellant's counsel did not file a motion to suppress, appellee did not need to develop evidence to support either a consensual encounter or a legal investigatory stop. As such, I find the record underdeveloped on these issues. Therefore, I would overrule this assignment of error based upon appellant's inability to meet the second prong of Strickland
(prejudice) based upon the record presently before us.
¶ 53 The majority's decision would likely be considered res judicata as to any further challenge as to the constitutionality of the stop and search on these issues. It is my opinion overruling the claim based upon prong two of Strickland (no record demonstration of prejudice) would not necessarily bar appellant from raising these issues via post conviction relief. Therefore, I concur in the disposition, but not the analysis, of the majority's resolution of appellant's third assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.